UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. VANCE,

    Petitioner,

v.

CASE NO. 2:09-CV-11368
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

    Respondent.
_____/

### OPINION AND ORDER CONDITIONALLY GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS

Michael D. Vance, ("Petitioner"), confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [1] In his *pro se* application, petitioner challenges his conviction for seven counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(a); and three counts of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(a). This Court finds that petitioner was denied his right to the effective assistance of appellate counsel with respect to his appeal of right with the Michigan Court of Appeals. The petition for writ of habeas corpus is therefore **CONDITIONALLY GRANTED.**

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Kinross Correctional Facility, but has since been transferred to the Cotton Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Debra Scutt in the caption.

## I. Background

The Court will only discuss the facts which are relevant to the resolution of the claim that petitioner is being granted habeas relief on. Petitioner was charged with numerous counts of criminal sexual conduct in Oakland County Circuit Court Case # 03-193604-FC and was separately charged with one count of second-degree criminal sexual conduct in Oakland County Circuit Court Case # 03-192752-FH. The judge ordered these two cases consolidated for a single trial. Petitioner was convicted of the above charges following a jury trial in the Oakland County Circuit Court. Petitioner was sentenced on August 9, 2004. However, the judgment of sentence was not entered by the trial court until August 11, 2004. [2]

Although petitioner's two separate criminal sexual conduct cases were consolidated for trial, they were not consolidated on appeal. In Case # 03-193604-FC, petitioner filed a timely request for the appointment of appellate counsel, which was received by the Oakland County Circuit Court on September 23, 2004. Appellate counsel was appointed on October 18, 2004. Although petitioner's timely request for the appointment of appellate counsel acted as a

---

[2] *See* Docket Sheet for *People v. Vance,* Oakland County Circuit Court No. 03-193604-FC, p. 3 [This Court's Dkt. # 9-1]. Respondent has not provided a copy of the docket sheet from Oakland County Circuit Court No. 03-192752-FH. However, this Court viewed the Internet website for the Oakland County Circuit Court and it appears that the judgment was also entered in Case No. 03-192752-FH on August 11, 2004. See http://www.oakgov.com/circuit. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

claim of appeal, petitioner's appellate counsel did not file an appeal of right in this case, but filed an application for leave to appeal.

Petitioner did not file a timely request for appellate counsel in Case # 03-192752 and as a result, appellate counsel was not appointed to represent him until February 28, 2005. Appellate counsel filed an application for leave to appeal in that case as well. However, as discussed below, petitioner claims that his filing was untimely because he was not given a separate notice of appeal rights at sentencing with respect to this second conviction nor was he informed by the trial judge that he needed to file a separate request for the appointment of appellate counsel in that case as well.

Petitioner's convictions were affirmed on appeal. *People v. Vance,* Nos. 260292; 261914 (Mich.Ct.App. May 26, 2005); *lv. den.* 474 Mich. 1024, 708 N.W.2d 402 (2006). Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Vance,* Nos. 03-192752-FH/03-193604-FC (Oakland County Circuit Court, March 8, 2007). The Michigan appellate courts denied petitioner leave to appeal. *People v. Vance,* No. 282797 (Mich.Ct.App. April 25, 2008); *lv. den*. 482 Mich. 1185, 758 N.W.2d 562 (2008).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Whether the trial court improperly consolidated the unrelated criminal sexual conduct charges.

II. Whether the trial court deprived petitioner of his right to present a defense by barring testimony by petitioner's mother about an alleged conversation she had with the victim.

III. Whether the trial court misscored the Offense Variables under Michigan law to fashion petitioner's sentence.

IV. Whether petitioner's sentence of 4-15 years for second-degree criminal sexual conduct violates the United States Constitution.

V. Whether the trial court erred in denying petitioner's request for an evidentiary hearing on his claims of ineffective assistance of counsel.

VI. Ineffective assistance of trial counsel for failing to oppose consolidation.

VII. Ineffective assistance of trial counsel for failure to adequately cross-examine.

VIII. Judicial misconduct and counsel's failure to object to the judicial misconduct.

IX. Prosecutorial misconduct for impugning petitioner's character and improperly vouching for the credibility of the prosecution witnesses. Trial counsel was ineffective for failing to object to the misconduct.

X. Prosecutorial misconduct for eliciting inadmissible hearsay evidence.  The trial judge abused his discretion by overruling defense counsel's late objection and for failing to give a cautionary instruction.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

4

granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**Claim # 5. The ineffective assistance of appellate counsel claim.**

The Court will discuss petitioner's fifth claim first because this is the claim that the Court is granting petitioner relief on.

Petitioner argues that he did not receive the timely appointment of

5

appellate counsel in Case # 03-192752-FH and contends that because his two separate cases were consolidated for trial, appellate counsel should have been assigned simultaneously in both of his cases. Petitioner further contends that since he filed a timely request for the appointment of appellate counsel in Case # 03-193604-FC, that should have acted as a request for the appointment of appellate counsel in both cases. Finally, petitioner contends that because he timely requested the appointment of appellate counsel, appellate counsel was ineffective for failing to file an appeal of right in this case, filing instead a delayed application for leave to appeal in both cases, which was denied by form order by the Michigan Court of Appeals.

In rejecting the first part of petitioner's claim, the trial court ruled that although petitioner's cases were consolidated for trial, they were never consolidated for appeal. The judge further noted that there was no request for appointment of appellate counsel ever made in Docket # 03-192752-FH, even though the same appellate counsel that was appointed in Docket # 03-193604-FC was appointed to represent petitioner in Case # 03-192752-FH and ultimately filed an appellate brief in both cases. Although conceding that petitioner may have only received one notice of appeal rights at sentencing, absent a request for appointment of attorney, the court "could not foretell" that petitioner wanted to appeal the convictions in both cases. *People v. Vance,* Nos. 03-192752-FH/03-193604-FC, at * 3-4 and n. 1 (Oakland County Circuit Court, March 8, 2007).

Respondent contends that petitioner's fifth claim is procedurally defaulted, because he raised it for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise this issue in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

Respondent's argument is without merit. Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. See *Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010); *Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004); *Johnson v. Warren,* 344 F. Supp. 2d 1801, 1089, n. 1 (E.D. Mich. 2004). Petitioner's claim is therefore not procedurally defaulted.

In his answer, respondent's counsel has not contested petitioner's allegation that he filed a timely request for the appointment of appellate counsel in Case # 03-193604 and that he did not receive a separate notice of appeal rights form at the time of sentencing regarding Case # 03-192752. The Court will therefore accept the factual allegations contained within the habeas petition regarding petitioner's timely filed request for the appointment of appellate

7

counsel in Case # 03-193604 and the trial court's failure to provide petitioner with a notice of appeal in Case # 03-192752, because the respondent has not disputed them. *See Dickens v. Jones,* 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002)("When a state's return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations"); *See also Grooms v. Solem,* 520 F. Supp. 1184, 1186 (D.S.D. 1981)(habeas relief granted on ineffective assistance of appellate counsel claim where respondent did not contest the fact that the petitioner requested his attorney to file an appeal and that the attorney failed to do so).

The Court further notes that the respondent's counsel did not specifically address the merits of petitioner's ineffective assistance of appellate counsel claim in his answer to the petition. By failing to address the merits of petitioner's ineffective assistance of appellate counsel claim, respondent has waived any substantive defenses to the merits of this claim. *See Williams v. Birkett,* 697 F.Supp.2d 716, 722 (E.D. Mich. 2010); *Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828 (E.D. Mich. 2004); *modified on other grds,* 340 F. Supp. 2d 773 (E.D. Mich. 2004); *See also Miller v. Stovall,* 641 F.Supp. 2d 657, 665 (E.D.Mich.2009) (State, by failing to argue harmless error defense in its response to federal habeas corpus petition, waived issue)*;Dickens v. Jones,* 203 F. Supp. 2d at 361 (state waived affirmative defenses that habeas petitioner's federal habeas claims were noncognizable and waived because of petitioner's alleged

misrepresentation and failure to object, where state failed to assert affirmative defenses in its initial answer to the habeas petition); *United States ex. rel. Hindi v. Warden of McHenry County Jail*, 82 F. Supp. 2d 879, 883 (N.D. Ill. 2000)(argument for which respondent in habeas proceeding cited no supporting case law was waived and would not be addressed by district court).

Of course, petitioner is not entitled to a default judgment on the ground that respondent failed to address this issue, because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to respond to the petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970)(petitioner not entitled to default judgment because petitioner has burden of establishing that his custody is in violation of the U.S. Constitution); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001)(same).  This Court must therefore determine whether petitioner has stated a valid claim upon which habeas relief can be granted.

In the present case, the judgment of sentence in both cases was issued on August 11, 2004.  Under Michigan law, petitioner was required to file his request for counsel within 42 days of the entry of judgment or order appealed from. *See* M.C.R. 7.204(A)(2)(c).  In addition, M.C.R. 1.108 indicates that "[t]he day of the act, event, or default after which the designated period of time begins to run is not included."  M.C.R. 7.204 indicates that the provisions of M.C.R. 1.108 regarding the computation of time periods applies to the time limits for

9

filing an appeal of right. The 42 day period within which petitioner was required to file a request for the appointment of appellate counsel began on August 12, 2004, the day after the judgment of sentence was entered. This would make petitioner's September 23, 2004 request for the appointment of appellate counsel timely, at least with respect to his conviction in Case # 03-193604-FC, in that it was filed within 42 days of the judgment of sentence. Under Michigan law, a timely request by petitioner for the appointment of appellate counsel would act as a claim of appeal. *See People v. Hernandez,* 443 Mich. 1, 19-20; 503 N.W. 2d 629 (1993). Therefore, at least with respect to Case # 03-193604, petitioner filed a claim of appeal by filing his request for the appointment of appellate counsel within the 42 day period for doing so. Appellate counsel, however, chose to file an application for leave to appeal rather than an appeal of right with the Michighan Court of Appeals. The Michigan Court of Appeals denied petitioner's appeal by form order without issuing an opinion.

  The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *See also, Harris v. Stegall*, 157 F. Supp. 2d 743, 747 (E.D. Mich. 2001). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel

made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. *Id.*

In the present case, respondent does not dispute that appellate counsel failed to file an appeal of right in Case # 03-193604 or that such failure was deficient. This Court concludes that appellate counsel's failure to file an appeal of right constituted deficient performance for the purposes of *Strickland.* The next question for this Court is whether petitioner was prejudiced by appellate counsel's failure to do so.

If counsel fails to provide any assistance to a criminal defendant at a critical stage of his criminal proceedings, prejudice for purposes of ineffective assistance claim may be presumed if "the violation of right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000). In the present case, petitioner was prejudiced by appellate counsel's failure to file an appeal of right in his case, because this "deprived [petitioner] of the appellate proceeding altogether[.]", i.e. his appeal of right. *See Hardaway v. Robinson,* 655 F. 3d 445, 449 (6th Cir. 2011)(quoting *Flores-Ortega,* 528 U.S. at 483-84). An appeal of right in Michigan is different than an application for leave to appeal. "The disposition of an application for leave to appeal is within the discretion of the Michigan Court of Appeals, and is a preliminary step to having the case proceed as an appeal of

11

right." *Id.,* at 449 (citing M.C.R. 7.205(D)(2), (3)). The Michigan Court of Appeals has several different options in responding to a leave application: it "may grant or deny the application; enter a final decision; grant other relief; request additional material from the record; or require a certified concise statement of proceedings and facts from the court ... whose order is being appealed." *Id.* Only where the leave application is granted will the case proceed as an appeal of right in the Michigan Court of Appeals. *Hardaway,* 655 F. 3d at 449 (citing M.C.R. 7.205(D)(3)). Moreover, unlike a criminal defendant in an appeal of right, an applicant who is denied leave to appeal does not receive the benefit of oral argument. *Id.,* at 449-50 (citing M.C.R 7.205(D)(1)).

    In the present case, the Michigan Court of Appeals summarily denied petitioner leave to appeal by form order without discussing the merits of petitioner's appeal, something that the Michigan Court of Appeals could not have done had petitioner's appellate counsel filed an appeal of right. *See Benoit v. Bock,* 237 F.Supp.2d 804, 811 (E.D. Mich. 2003). Petitioner was therefore prejudiced by appellate counsel's failure to file an appeal of right in this case. *Id.,* at 812. Of course, had the Michigan Court of Appeals granted leave to appeal, permitted the case to proceed as an appeal of right, and disposed of the merits to the same extent that it would have on an appeal of right, petitioner would not have been prejudiced by appellate counsel's filing of an application for leave to appeal rather than filing an appeal of right. *See Hardaway,* 655 F. 3d at 450.

12

However, because the Michigan Court of Appeals simply denied petitioner leave to appeal in a form order, petitioner was prejudiced by appellate counsel's failure to file an appeal of right in Case # 03-193604-FC, in that the erroneous filing of an application for leave to appeal rendered nonexistent petitioner's appeal of right. *Id.,* at 450-51.

In Case # 03-192752, the situation is somewhat different. Appellate counsel was not appointed to represent petitioner in this case until February 28, 2005, long after the 42 day period for filing an appeal of right under M.C.R. 7.204 had expired. Petitioner, however, argues that because his two separate cases were consolidated for trial, appellate counsel should have been assigned simultaneously in both of his cases. Petitioner further argues that since he filed a timely request for the appointment of appellate counsel in Case # 03-193604-FC, that should have acted as a request for the appointment of appellate counsel in both cases. Petitioner points to the fact that he received only one notice of appeal rights form at sentencing, which lead him to believe that the filing of one request for the appointment of appellate counsel would act as a request for the appointment of appellate counsel in both cases.

A review of the sentencing transcript supports petitioner's allegation. At sentencing, the trial judge indicated that he was providing an "Advice of Rights *form*" to petitioner's defense counsel, which advised petitioner that he had 42 days within which to appeal "*this sentence*" and the trial court would appoint

13

counsel for him. (Tr. 8/9/2004, pp. 33-34)(emphasis added). Although the trial judge rejected petitioner's claim on post-conviction review on the ground that petitioner never requested appellate counsel in Case # 03-192752-FH and thus the judge "could not foretell" that petitioner wanted to appeal both convictions, the trial judge conceded that petitioner may have only received one notice of appeal rights at sentencing. *People v. Vance,* Nos. 03-192752-FH/03-193604-FC, at * 3-4 and n. 1 (Oakland County Circuit Court, March 8, 2007).

A criminal defendant has an absolute right to be represented by counsel on his first appeal of right from his conviction. *Douglas v. California*, 372 U.S. 353, 356 (1963); *See also Penson v. Ohio*, 488 U.S. 75, 83-83 (1988).

Another judge in this district has noted that "the only practical, logical and fair interpretation to be given to *Douglas v. California* is that it imposes upon the state a duty to warn every person convicted of [a] crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent. The right to appeal at the expense of the state is mere illusion if the convicted indigent defendant does not know such a right exists. And the one way to make sure that he does know is to tell him so". *Ward,* 323 F. Supp. 2d at 829 (quoting *United States ex. rel. Smith v. McMann,* 417 F. 2d 648, 654 (2nd Cir. 1969). The Sixth Circuit has cited to *McMann* approvingly in a number of cases. *See United States v. Aloi,* 9 F. 3d 438, 444 (6th Cir. 1993)("Presumably, these [appellate] rights are worthless to a defendant who

14

does not know they are available to him. The advice is necessary to guarantee that poverty does not make it more difficult for an indigent convicted defendant to engage the appellate process than for a convicted defendant with money"); *See also Henderson v. Cardwell,* 426 F. 2d 150, 154 (6th 1970). A trial judge's failure to adequately advise a criminal defendant of his or her right to appeal and right to the appointment of appellate counsel if indigent amounts to the deprivation of a criminal defendant's right to appellate counsel on appeal and entitles a habeas petitioner to habeas relief. *See Ward,* 323 F. Supp. 2d at 829.

In the present case, petitioner's two separate criminal cases were consolidated for trial, but for not for appeal. In light of this fact, the trial judge should have clearly advised petitioner of his right to appeal his conviction in both cases and should have provided two notices of appeal rights forms and two requests for the appointment of appellate counsel to petitioner. A trial court's ambiguous instructions to a habeas petitioner about what paperwork that he or she needs to complete in order to perfect an appeal amounts to a practical denial of petitioner's right to appeal and a denial of due process. *See Lloyd v. Warden, Md. Penitentiary,* 229 F. Supp. 364, 371 (D. Md. 1964). In light of the fact that petitioner's two separate criminal cases which had been consolidated for trial had not been consolidated for appeal, the trial judge's simple advice to petitioner that he had a right to appeal his conviction coupled with petitioner receiving only one notice of appeal rights form was insufficient to advise

15

petitioner that he had the right to appeal both cases and that he was required to timely request the appointment of appellate counsel in both cases in order to perfect his appeal of right in both cases. *See e.g. U.S. v. Butler,* 938 F.2d 702, 704 (6th Cir. 1991)(defendant's sentence was vacated and remanded for resentencing with notice to defendant of his right to appeal, even though defendant was previously advised of his right to appeal order denying his suppression motion, where defendant was not specifically advised of his right to appeal the sentence.).

    As previously noted, M.C.R. 7.204(A)(2)(c) states that an appeal by right in a criminal case must be taken within 42 days after entry of the judgment. The Michigan Court Rules do not have any provisions for reviving an appeal of right once it is lost. Instead, a defendant who loses his appeal by right is required to file an application for leave to appeal. M.C.R. 7.205(F)(1). Because appellate counsel was not appointed until over forty two days had elapsed from sentencing, petitioner's only appellate recourse was to file an application for leave to appeal. As mentioned above, an application for leave to appeal is dramatically different than an appeal of right in Michigan. Because the trial court's failure to adequately inform petitioner of his appellate rights in Case # 03-1972752-FH, petitioner was deprived of his appeal of right and his right to be represented by appellate counsel. The mere fact that appellate counsel ultimately filed an application for leave to appeal to the Michigan Court of

Appeals did not satisfy petitioner's due process rights.

The remaining question for the Court is what the appropriate habeas remedy would be in this case. A federal habeas court has broad discretion in conditioning a judgment granting habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). 28 U.S.C. § 2243 authorizes federal courts to dispose of habeas corpus matters "as law and justice require." Federal district courts have broad discretion to fashion the appropriate form of habeas relief and that discretion includes conditionally granting a writ to pursue another appeal with the assistance of appellate counsel. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d at 830. The U.S. Supreme Court has affirmed the issuance of a conditional writ of habeas corpus that required a state court to grant the petitioner a new appeal of right where the petitioner received ineffective assistance of appellate counsel on direct review. *Evitts v. Lucey*, 469 U.S. at 403; *See also Benoit v. Bock,* 237 F. Supp. 2d at 812 (appropriate remedy for a violation of the right to the effective assistance of appellate counsel was the reinstatement of petitioner's appeal of right); *see also, Hardaway*, 655F. 3d at 451 (remanding matter "to the district court with instructions to issue a conditional writ directing the state to afford [petitioner] a direct appeal."); *Glover v. Palmer*, No. 10-1577, slip. op. at 4 (6th Cir. Feb. 28, 2012). The Court will therefore conditionally grant the petition for writ of habeas corpus, directing the respondent to release the petitioner unless the Michigan Court of Appeals reinstates the petitioner's appeal of right in

Oakland County Circuit Court Case ## 03-193604-FC and 03-192752-FH and appoints counsel in both cases within sixty days of the issuance of this order. *Benoit,* 237 F. Supp. 2d at 812.

This Court, by granting petitioner a new appeal of right in the Michigan Court of Appeals due to appellate counsel's failure to file an appeal of right in Case # 03-193604-FC and the trial court's failure to properly advise petitioner of his right to appeal in Case # 03-192752-FH, has basically "unexhausted" petitioner's remaining trial error claims. *Sanders v. Lafler*, 618 F. Supp. 2d 724, 736 (E.D. Mich. 2009)(internal citation omitted). This Court declines "to collaterally estop" petitioner from raising these issues, or any additional claims, on his reinstated appeal of right with the Michigan Court of Appeals and would prefer to allow the recommencement of petitioner's appeal of right in the Michigan appellate courts "[t]o completely wipe clean the slate" and to allow these state courts, rather than this Court, the initial opportunity to decide these issues. *Id.* Accordingly, the Court declines to address petitioner's remaining claims at this time.

### IV. ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **GRANTED.**

It is further **ORDERED** that the Michigan Court of Appeals shall, within

sixty days of this order, reinstate the petitioner's appeal of right in Oakland County Circuit Court Cases # 03-193604-FC and # 03-192752-FH and undertake the appointment of counsel to represent the petitioner in his pursuit of these appeals of right.

It is further **ORDERED** that if the petitioner's appeal is not reinstated within sixty days to the active docket of the Michigan Court of Appeals, the Michigan Department of Corrections shall release him from its custody.

Dated: February 29, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 29, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---