UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. VANCE,

    Petitioner,

                                  CASE NO. 2:09-CV-11368
v.                               HONORABLE GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR A STAY PENDING APPEAL

This matter is before the Court on Respondent's motion for a stay pending the appeal of the Court's decision to grant habeas relief to petitioner. For the reasons stated below, the motion for a stay is **DENIED.**

On February 29, 2012, this Court granted petitioner a conditional writ of habeas corpus, finding that petitioner was denied his right to the effective assistance of appellate counsel with respect to his appeal of right with the Michigan Court of Appeals regarding Oakland County Circuit Court Case # 03-193604-FC and 03-192752-FH. This Court ordered that petitioner's appeal of right be reinstated in both cases within sixty days of the Court's order and that the Michigan Court of Appeals undertake to appoint appellate counsel to represent petitioner. The Court further ordered that if petitioner's appeal of right was not reinstated within 60 days of the Court's order, that petitioner should be released from custody. *See Vance v. Scutt*, No. 2012 WL 666520 (E.D. Mich. February 29,

2012).

Respondent has now moved this Court for a stay of the writ pending appeal. For the reasons that follow, the motion for a stay is DENIED.

There is a presumption that a successful habeas petitioner should be released from custody pending the state's appeal of a federal court decision granting habeas relief, but this presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987); *Workman v. Tate*, 958 F. 2d 164, 166 (6th Cir. 1992); *Burdine v. Johnson*, 87 F. Supp. 2d 711 (S.D. Tex. 2000); F.R.A.P. Rule 23(c). Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Hilton*, 481 U.S. at 776.

> The factors regulating the issuance of a stay are:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) where the public interest lies.
>
> *Hilton v. Braunskill*, 481 U.S. at 776; *Workman v. Tate*, 958 F. 2d at 166.

In determining whether to stay an order granting relief to a habeas petitioner, pending the state's appeal, federal courts are not restricted to consider

2

only the petitioner's risk of flight, but are authorized to consider traditional stay factors, including the risk that petitioner would pose a danger to the public if released, the state's interest in continuing custody and rehabilitation of the petitioner, the interest of the habeas petitioner in his or her release pending appeal, and the likelihood of the state's success on the merits of the appeal. *Hilton*, 481 U.S. at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where these factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Hilton,* 481 U.S. at 778; *Workman*, 958 F. 2d at 166. Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

      The Court declines to grant respondent's motion for a stay of proceedings pending appeal in this case because respondent has failed to show either a strong likelihood of success on appeal or that she has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004). As this Court noted in its opinion and order granting habeas relief, in her answer to the petition for writ of habeas corpus, respondent's counsel did not contest petitioner's allegation that he filed a timely request for the appointment of

appellate counsel in Case # 03-193604 and that he did not receive a separate notice of appeal rights form at the time of sentencing regarding Case # 03-192752. The Court thus accepted the factual allegations contained within the habeas petition regarding petitioner's timely filed request for the appointment of appellate counsel in Case # 03-193604 and the trial court's failure to provide petitioner with a notice of appeal in Case # 03-192752 because respondent did not dispute them. *Vance,* 2012 WL 666520, Slip. Op. at * 3. More importantly, this Court noted that the respondent's counsel did not specifically address the merits of petitioner's ineffective assistance of appellate counsel claim in the answer to the petition. This Court ruled that because of respondent's failure to address the merits of petitioner's ineffective assistance of appellate counsel claim in the answer to the petition for writ of habeas corpus, respondent waived any substantive defenses to the merits of this claim. *Id.,* at * 4 (internal citations omitted).

The Sixth Circuit has noted that "[i]t is well settled law that this court will not consider an error or issue which could have been raised below but was not." *Barner v. Pilkington North America, Inc.*, 399 F. 3d 745, 749 (6th Cir. 2005)(*quoting Niecko v. Emro Marketing Co.*, 973 F. 2d 1296, 1299 (6th Cir. 1992)(additional citations omitted).

By failing to address the merits of petitioner's ineffective assistance of appellate counsel claim in the answer to the petition for writ of habeas corpus,

4

respondent has waived appellate review of the issue by the Sixth Circuit. *See Caver v. Straub,* 349 F. 3d 340, 345-46 (6th Cir. 2003)(State failed to preserve for appellate review argument that habeas petitioner procedurally defaulted on ineffective assistance of appellate counsel claims, where state did not raise the argument before the district court); *Miller v. Collins,* 305 F. 3d 491, 497 (6th Cir. 2002)(State waived any argument it could have asserted that petitioner's motion in state court for relief from judgment did not toll the habeas statute of limitations, where state did not address that motion in either its response to the habeas petition or in its appellate brief); *see also, Winn v. Renico,* 175 Fed. Appx. 728, 731-32 (6th Cir. 2006)(respondent in a habeas proceeding, by raising the issue for the first time on appeal, waived claim that the district court could decline the petitioner's request for review under the concurrent sentence doctrine). Because respondent has waived appellate review of petitioner's ineffective assistance of appellate counsel claim by failing to address the merits of the claim in her answer, respondent is unable to show either a strong likelihood of success on appeal or that she has a substantial case on the merits and is therefore not entitled to the issuance of a stay on appeal. *See e.g. Henderson v. Palmer,* U.S.C.A. No. 07-1822 (6th Cir. August 10, 2007)(Sixth Circuit declined to grant stay of the writ pending appeal, finding that respondent had failed to demonstrate a strong likelihood of success on the merits of the appeal, when it failed to raise most of the arguments that it advanced for the first time on appeal in the district

court).

Secondly, respondent is not entitled to the issuance of a stay, because she has failed to show that she would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay is not issued in this case. *Newman v. Metrish,* 300 Fed. Appx. 342, 343 (6th Cir. 2008). Although respondent argues that a stay should be granted because petitioner is serving a lengthy prison sentence, because respondent has failed to make a sufficiently strong showing that she is likely to succeed on appeal, petitioner is entitled to release, even though the public's interest may weigh against it. *See Moore v. Calderon*, 56 F. 3d 39, 40 (9th Cir. 1995); *rev'd on other grds* 518 U.S. 149 (1996).

Most importantly, petitioner would suffer irreparable harm each day that he would remain imprisoned in violation of the U.S. Constitution. Because "remedying such harm is the very essence of the writ of habeas corpus," *Ward,* 340 F. Supp. 2d at 778, respondent is not entitled to the issuance of a stay pending appeal.

## ORDER

**IT IS ORDERED THAT Respondent's Motion for a Stay Pending Appeal [Dkt. # 18] is DENIED.**

Dated: April 5, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Michael D. Vance, #501288, 3500 N. Elm Street, Jackson, MI 49201 on April 5, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---