UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. VANCE,

       Petitioner,

                                            CASE NO. 2:09-CV-11368
v.                                  HONORABLE GEORGE CARAM STEEH
                                            UNITED STATES DISTRICT JUDGE

DEBRA SCUTT,

       Respondent.
_____/

**OPINION AND ORDER ON REMAND HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE PENDING THE COMPLETION OF PETITIONER'S APPEAL OF RIGHT IN STATE CASE # 03-193604-FC**

    This matter is on remand from the United States Court of Appeals for the Sixth Circuit following the affirmance of this Court's conditional grant of a writ of habeas corpus in State Case # 03-193604-FC and the reversal of this Court's grant of a writ of habeas corpus in State Case # 03-192752-FH.  Petitioner has filed a motion requesting that the Court abstain from ruling on petitioner's claims in either case until he first exercises his appeal of right in the Michigan Court of Appeals in Case # 03-193604-FC. For the reasons that follow, the Court will hold the petition in abeyance pending the completion of petitioner's appeal of right in the Michigan appellate courts.

    Petitioner was charged with numerous counts of first-degree and second-degree criminal sexual conduct in Oakland County Circuit Court Case # 03-193604-FC and was separately charged with one count of second-degree criminal sexual conduct in Oakland County Circuit Court Case # 03-192752-FH.  The state court judge ordered

these two cases consolidated for a single trial.  Petitioner was convicted of these offenses.

This Court granted petitioner a conditional writ of habeas corpus, finding that petitioner was denied his right to the effective assistance of appellate counsel with respect to his appeal of right with the Michigan Court of Appeals due to appellate counsel's failure to file an appeal of right in Case # 03-193604-FC and the trial court's failure to properly advise petitioner of his right to appeal in Case # 03-192752-FH.  This Court ordered that petitioner's appeal of right be reinstated in both cases within sixty days of the Court's order and that the Michigan Court of Appeals undertake to appoint appellate counsel to represent petitioner.  The Court further ordered that if petitioner's appeal of right was not reinstated within 60 days of the Court's order, that petitioner should be released from custody. *See Vance v. Scutt*, No. 2:09-CV-11368; 2012 WL 666520 (E.D. Mich. February 29, 2012).  This Court also noted that by granting petitioner a new appeal of right in the Michigan Court of Appeals, the Court basically "unexhausted" petitioner's remaining trial error claims. *Id.,* at * 8 (citing *Sanders v. Lafler*, 618 F. Supp. 2d 724, 736 (E.D. Mich. 2009)(internal citation omitted)).  This Court declined "to collaterally estop" petitioner from raising these issues, or any additional claims, on his reinstated appeal of right with the Michigan Court of Appeals, preferring to allow the recommencement of petitioner's appeal of right in the Michigan

appellate courts "[t]o completely wipe clean the slate" and to allow the state courts, rather than this Court, the initial opportunity to decide these issues. *Id.*

Respondent appealed the Court's decision. On July 17, 2014, the Sixth Circuit affirmed the conditional grant of a writ of habeas corpus with respect to Case No. 03-193604-FC and ordered that petitioner's state appellate court rights be restored with respect to that case. The Sixth Circuit, however, reversed the grant of the writ in Case # 03-192752-FH and remanded for further proceedings consistent with the opinion. *Vance v. Scutt*, __ Fed.Appx. __, 2014 WL 3537033 (6th Cir. July 17, 2014).

Petitioner has requested that the proceedings be held in abeyance pending his return to the state courts to exercise his appeal of right in the Michigan Court of Appeals.

The Court will hold the petition for writ of habeas corpus in abeyance pending the completion of petitioner's appeal of right in Case # 03-193604-FC.[1] A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state court proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998); *See also Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 83 (1st Cir. 2002)).

---

[1] The stay would include petitioner's right to file an application for leave to appeal to the Michigan Supreme Court should he receive an adverse decision from the Michigan Court of Appeals.

Although the Sixth Circuit reversed the grant of a writ of habeas corpus in Case #03-192752-FH and remanded that case to this Court presumably to consider petitioner's remaining issues with respect to that case, this Court notes that both of petitioner's criminal cases were consolidated before the Oakland County Circuit Court for one trial. Petitioner in his initial habeas opinion raised claims that were common to both cases. Because petitioner's conviction in Case #03-193604-FC arises out of the same set of operative facts as petitioner's conviction in Case #03-192752-FH, it would be appropriate for this Court to abstain from adjudicating petitioner's remaining claims in Case #03-192752-FH pending the completion of petitioner's appeal of right in Case #03-193604-FC. *Compare Stanley v. Cullen,* 633 F. 3d 852, 864-65 (9th Cir. 2011). There is also some concern by this Court that if it were to adjudicate petitioner's remaining trial court error claims in Case #03-192752-FH, any subsequent petition filed by petitioner challenging his conviction in Case #03-193604-FC might be deemed a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(A) due to the fact that both cases arose out of a single trial in the state courts, thus requiring petitioner to seek permission from the Sixth Circuit before he could challenge this conviction in a habeas petition. The Court will therefore hold the petition in abeyance per the terms listed below.

## ORDER

**IT IS HEREBY ORDERED** that the proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must file a motion to reopen the habeas petition using the same case name and docket number within

sixty (60) days of the completion of his direct appeal in Case #03-193604-FC. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims and/or to delete any claims from his original petition.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated:  August 22, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 22, 2014, by electronic and/or ordinary mail and also on Michael Vance #501288, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk