UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. VANCE,

    Petitioner,

                               CASE NO. 2:09-CV-11368
v.                             HONORABLE GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

PAUL KLEE,

    Respondent.
_____/

**OPINION AND ORDER: (1) GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, (2) ORDERING THAT THE AMENDED PETITION (Dkt. # 40) BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND (3) DIRECTING RESPONDENT TO FILE AN ANSWER TO THE AMENDED PETITION AND ANY ADDITIONAL RULE 5 MATERIALS**

    Michael David Vance, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for seven counts of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct.

    On October 13, 2016, the Court granted petitioner an extension of time to file an amended habeas petition. Petitioner has now filed an amended petition for writ of habeas corpus, which is construed as a motion to amend the petition for writ of habeas corpus.

-1-

The Court grants the motion to amend his habeas petition. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). The Court permits petitioner to amend his petition, because there is no indication that allowing the amendment would cause any delay to this Court nor is there any evidence of bad faith on petitioner's part in bringing the motion to amend or prejudice to Respondent if the motion is granted. *See Gillette v. Tansy*, 17 F. 3d 308, 313 (10th Cir. 1994).

The Clerk of the Court shall serve a copy of the amended petition for writ of habeas corpus [Dkt. # 40] and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* No. 04-71209; 2005 WL 1861943, * 2 (E.D. Mich. Aug. 2, 2005). The Respondent shall file an answer to the amended habeas petition within one hundred and eighty days of the Court's order. See *Erwin v. Elo,* 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Respondent is also ordered to provide this Court with any additional Rule 5 materials that have not already been filed with the Court at the time that it files its answer. See *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254. Petitioner shall have forty five days from the receipt of the answer to file a

reply brief, if he so chooses. See Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## ORDER

**IT IS ORDERED THAT**:

(1) the motion to amend the petition for writ of habeas corpus is **GRANTED.**

(4) the Clerk of the Court shall serve copy of the amended petition for writ of habeas corpus [Dkt. # 40] and a copy of this Order on Respondent and the Attorney General by first class mail.

(5) Respondent shall file an answer to the amended petition and produce any additional Rule 5 materials that have not already been filed with the Court within **one hundred and eighty (180) days** of the date of this order or show cause why they are unable to comply with the order.

(6) Petitioner shall have **forty five days** from the date that he receives the answer to file a reply brief.

Dated:  January 30, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 30, 2017, by electronic and/or ordinary mail and also on Michael Vance #501288, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

s/Barbara Radke
Deputy Clerk